UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>LENA CONTRACTING, INC., et al.,<br><br>Defendants. | Civil Action No. 07-1508 (JDB)<br><br>FILED<br>JAN 1 5 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER AND DEFAULT JUDGMENT

Plaintiff, the International Painters and Allied Trades Industry Pension Fund, brings this action against defendants Lena Contracting, Inc., 202 Industrial Loop, Staten Island, NY 10309 and Lena Contracting, Inc., 774 Pfeiffer Blvd., Perth Amboy, NJ 08861 pursuant to the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. Plaintiff seeks judgment by default against defendants for delinquent pension contributions, interest, and various costs and fees owed by defendants to plaintiff pursuant to labor contracts, a trust agreement, and pension plan. Plaintiff also seeks injunctive relief to facilitate a further accounting of contributions owed by defendants.

On November 8, 2007, pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court entered a default against defendants after the time for answering the complaint expired. Plaintiff subsequently submitted the pending motion for default judgment on December 12, 2007. The Court has reviewed the motion for default judgment and the accompanying exhibits, and has

determined that default judgment in the amounts and nature sought is appropriate as set forth below. Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's motion for default judgment is **GRANTED**.

2. Lena Contracting, Inc., 774 Pfeiffer Blvd., Perth Amboy, NJ 08861 is declared to be the alter ego of Lena Contracting, Inc., 202 Industrial Loop, Staten Island, NY 10309.

3. Judgment is entered in favor of plaintiff International Painters and Allied Trades Industry Pension Fund and against defendants in the total amount of $38,573.40, itemized as follows:

    (a) Unpaid contributions in the amount of $26,602.77 for the period of February 2007 through October 2007;

    (b) Interest from the date contributions became due through December 15, 2007 in the amount of $892.87;

    (c) Liquidated damages in the amount of $5,320.56;

    (d) Attorneys' fees and costs in the amount of $5,757.20, through December 11, 2007.

4. Defendants, their owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which defendants are obligated to do so under the collective bargaining agreement(s).

5. If further action by plaintiff is required to obtain payments of the amounts owed by defendants, it may apply to this Court or to the court in which enforcement is sought, for further reasonable attorneys' fees and costs in addition to those set out in paragraph 3(d) above.

6. Within ten (10) days of the entry of this Order, defendants shall fully and accurately complete and submit to plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the periods of February 2007 through October 2007, together with a check for the full amount of the contributions and dues, including interest and liquidated damages.

7. Within twenty (20) days of a request by plaintiff or its counsel, defendants shall make available to the designated representative of plaintiff all payroll books and related records necessary for plaintiff to ascertain the precise amount of any delinquent contributions due and owing to plaintiff for all periods in which defendants are obligated to make fringe benefit contributions to plaintiff, and defendants shall bear the costs of said audit.

8. Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendants shall be and hereby are restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by plaintiff and shall produce all payroll books and related records requested by plaintiff, including, but not limited to, payroll, wages, general ledger and case disbursement records, compensation insurance audits and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to plaintiff. Defendants shall pay plaintiff any additional amounts found owing, plus such other amounts as set forth in the

Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

9.  If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to plaintiff, the plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), together with any audit costs incurred by plaintiff.

10.  If defendants fail to comply with any of the terms of this Order, plaintiff may, in addition to pursuing the remedies provided for under Fed. R. Civ. P. 69, reopen this case upon motion to the Court and notice to defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 14, 2008

Copies to:

Kent G. Cprek, Esq.
Philip A. Lozano, Esq.
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers
510 Walnut Street
Suite 1600
Philadelphia, PA 19106

LENA CONTRACTING, INC.
202 Industrial Loop
Staten Island, NY 10309

LENA CONTRACTING, INC.
774 Pfeiffer Blvd.
Perth Amboy, NJ 08861